*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 27, 2023

Plaintiff-Appellant,

v

No. 359603
Wayne Circuit Court
LC No. 19-006329-01-FC

WALTER GALLOWAY,

Defendant-Appellee.

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

The prosecution appeals by leave granted the trial court's order granting defendant's motion to suppress the statements he made during a custodial interview. We affirm.

## I. FACTS

On March 3, 2019, Channing Strickland was leaving his sister's home in Detroit when defendant allegedly approached the house while holding a woman at gunpoint. The two men engaged in a physical struggle, during which Strickland was shot and killed. After Strickland was shot, defendant allegedly shot at witnesses, then stole a car and drove away.

Defendant was taken into police custody and interviewed by two police officers on March 7, 2019. Before the interview, a police officer attempted to give defendant the required *Miranda*[1] warnings. Defendant, however, interrupted the officer, insisted he knew his rights, and began reciting the *Miranda* warnings. Defendant and the officer engaged in the following verbal exchange regarding defendant's *Miranda* warnings:

> *Police Officer*:     We just got a couple things we gotta cover, okay?
>
> *Defendant*:     Okay, no problem.  Good job.

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

*Police Officer*: All right.  So, you know why you're here Mr. Galloway?

*Defendant*: No.  I really don't know.  That's why I was asking the officer.

*Police Officer*: Right.  So, in order for me to tell you, I have to read you—I—I have to give you your Constitutional rights, okay.

*Defendant*: I—I already know.  I know the stuff like the back of my hand.   I studied this stuff.

*Police Officer*: You do?  So, you know you have the right to remain silent.

*Defendant*: Yeah, I know.  Anything you say will be used against you.  I tell people in the street.  Anything you say will be used, it [indiscernible] in a court of law.

*Police Officer*: Right.  You have the right—

*Defendant*: (Interrupting.)  If you cannot afford this, if you can't afford that, the court  appointed, [indiscernible] will be appointed for you.

*Police Officer*: Right to an attorney.

*Defendant*: Blah blah blah blah.  Yeah.

*Police Officer*: All right.  You understand that?  You know if you can't afford that, you already said that.  That one will be appointed for you.

*Defendant*: Yeah.

*Police Officer*: And if you decide at any time to exercise any of those rights—

*Defendant*: You have the right to say, no, I don't wanna talk.

*Police Officer*: Absolutely.

*Defendant*: I know I don't have to talk right now.

*Police Officer*: Okay.

*Defendant*: But I have a testimony.  So, God already granted me the serenity to change the things I could and the power to know the difference.  So, I'll give a real testimony.  Y'all ready?

|                   | Y'all watchin'? Y'all ready? Cause I'm ready. I was born ready, 1983. |
|-------------------|---|

* * *

| *Police Officer*: | Before, when we went over your rights, you said you understood those and everything, right? |
|-------------------|---|
| *Defendant*:      | Yes, I know all this stuff. |

Defendant then made several incriminating statements. At the end of the interview, defendant was given a written copy of the *Miranda* warnings. An officer asked defendant to sign the advice of rights form stating that he had been notified of his constitutional rights. As defendant read the advice of rights form, the officer asked, "everything we went over, right?" Defendant responded "uh-ha" in agreement, but refused to sign the form without his lawyer.

Defendant was charged with first-degree felony murder, MCL 750.316(1)(b); first-degree premeditated murder, MCL 750.316(1)(a); three counts of assault with intent to murder, MCL 750.83; unlawfully driving away a motor vehicle, MCL 750.413; felon in possession of a firearm, MCL 750.224f; and seven counts of possession of a firearm during the commission of a felony, MCL 750.227b. Defense counsel moved to suppress defendant's incriminating statements, arguing that defendant never received his full *Miranda* warnings. The trial court granted defendant's motion to suppress his statements, holding that defendant was not given all required *Miranda* warnings. This Court granted the prosecution's application for leave to appeal the trial court's order suppressing defendant's statements.[2]

## II. DISCUSSION

The prosecution contends that the trial court erred by suppressing defendant's statements. The prosecution argues that the record shows that defendant knew his *Miranda* rights, the *Miranda* warnings were sufficient, any alleged defect in the police officer's recital of the *Miranda* warnings was caused by defendant's own interruptions, and that defendant waived his right to hear the *Miranda* warnings by interrupting and asserting that he knew his rights. We review de novo a trial court's decision to suppress evidence, and also review de novo questions of constitutional law. *People v Joly*, 336 Mich App 388, 395; 970 NW2d 426 (2021). We review the trial court's factual findings for clear error, *id.*, which occurs when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019).

The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself[.]" US Const, Am V. Michigan's constitution also guarantees that a person may not be compelled to be a witness against himself or herself. Const 1963, art 1, § 17; *People v Cortez (On Remand)*, 299 Mich 679, 691;

---

[2] *People v Galloway*, unpublished order of the Court of Appeals, entered April 20, 2022 (Docket No. 359603).

832 NW2d 1 (2013) (opinion by METER, J.). To protect this Fifth Amendment right, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Those procedural safeguards must come in the form of four warnings provided to a suspect before custodial interrogation:

> "[A suspect] must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." [*Florida v Powell*, 559 US 50, 59-60; 130 S Ct 1195; 175 L Ed 2d 1009, quoting *Miranda*, 384 US at 479 (alterations by the *Powell* Court.]

Thus, to protect the constitutional guarantee against compelled self-incrimination, the police must give the "*Miranda* warnings" before a custodial interrogation. *People v Mathews*, 324 Mich App 416, 425; 922 NW2d 371 (2018). The *Miranda* warnings themselves are not a constitutional right; rather, they are mandated to protect the constitutional right against self-incrimination. *People v Cheatham*, 453 Mich 1, 11-12; 551 NW2d 355 (1996). The United States Supreme Court "has not dictated the words in which the essential information must be conveyed." *Powell*, 559 US at 60. Instead, reviewing courts must inquire whether the warnings issued in a given situation reasonably conveyed the *Miranda* warnings and thereby protected the constitutional rights of the suspect. *Id*.

In *Mathews*, this Court held that *Miranda* warnings must advise the interviewee of the right to have counsel present before and during questioning. In *Mathews*, the defendant was interviewed by the police while in custody after the police generally advised her of her right to counsel. Before questioning, the officer told her "you have a right to a lawyer, if you cannot afford a lawyer, one will be provided for free." *Id*. at 422. The defendant also was provided written warnings that stated:

> Before any questions are asked of you, you should know: (1) you have a right to remain silent; (2) anything you say may be used against you; (3) you have a right to a lawyer, and (4) if you cannot afford a lawyer, one will be provided free. [*Id*. at 421-422.]

This Court held that the warnings were defective because they did not sufficiently convey to the defendant her right to consult with an attorney *before* interrogation and to have an attorney present *during* the interrogation. *Id*. at 421. This Court affirmed the trial court's decision to suppress the defendant's statement, reasoning that "*Miranda* was focused on the right to counsel [during custodial interviews] as a corollary to the right against compelled self-incrimination" and that "it is this right to counsel in connection with custodial interrogation that must be overtly conveyed to a suspect under *Miranda*." *Id*. at 439. The *Matthews* Court concluded that "the essential information required by *Miranda* includes a temporally related warning regarding the right to consult an attorney and to have an attorney present during the interrogation, not merely general information regarding the 'right to an attorney.' " *Id*. at 438. Thus, the "basic temporal

information is key to ensuring that a defendant understands what the right to counsel entails, i.e., that it applies before and during the interrogation as opposed to some future point." *Id*. at 439.

As in *Mathews*, the *Miranda* warnings given to defendant in this case were deficient because the warnings did not specify that defendant had the right to counsel before and during interrogation. The prosecution argues that if the warnings were incomplete, it is because defendant interrupted the police officer as he read defendant his *Miranda* warnings, assured the officers that he knew his rights, and began reciting his rights. Despite defendant's assurances that he knew the *Miranda* warnings and understood his constitutional rights, however, it nonetheless was incumbent upon the officers to provide defendant with the full *Miranda* warnings. The *Miranda* warnings are "an absolute prerequisite in overcoming the inherent pressures of the interrogation atmosphere" and must be given regardless of the interviewee's "age, education, intelligence, or prior contact with authorities[.]" *Miranda*, 384 US at 468-469. Despite defendant's interruptions and assurances, interrogation could not successfully take place until he was told that he had the right to consult with counsel both before and during the interrogation. Because the *Miranda* warnings given to defendant in this case were incomplete, the trial court did not err by suppressing defendant's statements made during interrogation.

The prosecution argues that the police officers in this case advised defendant that they had to read the *Miranda* warnings *before* he was interviewed from which defendant should have been able to infer that he was entitled to a lawyer immediately. We find this argument unpersuasive. Although the officer in this case stated that he had to go over defendant's rights before the interview, then told defendant he had the right to an attorney, he nonetheless gave no temporal context in connection to that right. Moreover, *Miranda* warnings are designed to explicitly state the suspect's rights without the suspect having to infer his or her rights. "Rather than assume people are capable of inferring their constitutional rights, *Miranda* provides specific, clear-cut warnings." *Mathews*, 324 Mich App at 440. "In the face of *Miranda*'s clear dictates, we fail to see how a warning lacking this essential information regarding the right to consult an attorney and have an attorney present during an interrogation can be considered adequate." *Id*.

The police officer's statement in this case that defendant could "decide at any time to exercise any of those rights" also was not sufficient to inform defendant that he had the right to an attorney before and during the interview. In *Powell*, the following warning was given to the defendant:

> "You have the right to remain silent. If you give up the right to remain silent, anything you say can be used against you in court. You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview." [*Powell*, 559 US at 54.]

The United States Supreme Court found that the officers in that case did not entirely omit any information *Miranda* required them to impart because they informed the defendant of his right to talk to an attorney before answering the officers' questions and to assert that right at any time during the interview. *Id*. at 62. The Court concluded that the language "at any time," in

combination with the warning that the defendant could talk to counsel before being questioned, was sufficient to inform the defendant that he had the right to counsel while being questioned.

Here, the officer did not specifically inform defendant that he had the right to counsel during the interview. Without that information being stated, the statement that defendant could "decide at any time to exercise any of those rights," was not sufficient to advise defendant of the right to counsel during interrogation. Although defendant may have been able to infer that he was immediately entitled to a lawyer from the police officer's use of the phrase "any time[,]" the purpose of the *Miranda* warnings is to prevent individuals from having to infer or guess what their rights are.

The prosecution also suggests that defendant waived his right to receive *Miranda* warnings by interrupting the police officers while they were giving the warnings and insisting that he knew the rights addressed by the *Miranda* warning. We disagree. A defendant may waive the constitutional rights that are the subject of the *Miranda* warnings "provided the waiver is made voluntarily, knowingly, and intelligently." *Miranda*, 384 US at 444. Here, however, the prosecution suggests that defendant waived his right to receive his *Miranda* warnings; that is, he waived the obligation of the officers to advise him of his constitutional rights. As discussed, there is no constitutional right to be given the *Miranda* warnings; it is not a constitutional right that a defendant may waive. Rather, the United States Supreme Court held in *Miranda* that certain warnings must be given by police to a defendant to apprise the defendant of certain rights and thereby guard against the defendant's self-incrimination. Although a defendant may waive the constitutional rights protected by the *Miranda* warnings after receiving the *Miranda* warnings, a defendant may not dispense with the officers' obligation to give the *Miranda* warnings, which would undermine the stated purpose of *Miranda* by allowing a defendant to waive constitutional rights without being fully advised of the rights being waived. After *Miranda* warnings are given, a person may knowingly and intelligently waive the rights protected by the warnings and agree to answer questions or make a statement to police, but "unless and until such warnings are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against" the defendant. *Miranda*, 384 US at 479.

There may be circumstances in which a defendant's interrupting of an officer's reading of *Miranda* warnings constitutes a waiver of the defendant's Fifth Amendment rights. See, e.g., *Treesh v Bagley*, 612 F3d 424, 433 (CA 6, 2010). In that case, Treesh was read the *Miranda* warnings by a police officer. When the officer asked if Treesh understood the rights just read to him, Treesh failed to respond. The officer began to read the *Miranda* warnings again, and Treesh interrupted the officer, saying "Yeah, yeah, I know." Treesh then recited the *Miranda warnings*, only partially correctly, and told the officer that he understood his rights. The Sixth Circuit Court of Appeals concluded that under those circumstances the Ohio Supreme Court had not misapplied federal law by concluding that Treesh knowingly and intelligently waived his Fifth Amendment rights. See *id*. Importantly, however, Treesh's waiver was not a waiver of the reading of *Miranda* warnings; it was a waiver of his Fifth Amendment rights after first being apprised of those rights through *Miranda* warnings. To allow a suspect to waive the reading of the *Miranda* warnings, and thereby waive the Fifth Amendment rights that are the subject of the *Miranda* warnings without having received the warnings mandated by *Miranda*, would be to permit waiver of constitutional rights that cannot be demonstrated to be knowing and intelligent. In other words, a defendant may

waive the constitutional rights articulated in the *Miranda* warnings, but cannot waive the duty of the officers to advise him or her of those rights.

To summarize, the inquiry is not whether a defendant already knows the constitutional rights advised of in the *Miranda* warnings; the obligation of the police to provide *Miranda* warnings is not limited to those suspects who are uninformed. Rather, the police are required to provide *Miranda* warnings to all suspects before custodial interrogation regardless of the suspect's intelligence, education, or level of legal expertise. The *Miranda* warnings make the individual "more acutely aware that he is faced with a phase of the adversary system." *Miranda*, 384 US at 469. "[A] warning at the time of the interrogation is indispensable to overcome [the interrogation's] pressures and to ensure that the individual knows he is free to exercise the privilege at that point in time." *Id.* Regardless of whether a person claims to know his or her constitutional rights, the police have an obligation to impart the *Miranda* warnings. There is no guarantee that an individual fully knows his rights, even if he says he does, and the *Miranda* warnings serve as a reminder to even a knowledgeable individual that interrogation by police is an adversarial situation.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola